UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC.,<br><br>Plaintiff,<br>v.<br><br>ALLIED PROTECTION SERVICES, INC., a California corporation,<br><br>Defendant. | CASE NO. C17-1171-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's unopposed motion for summary judgment (Dkt. No. 13). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Northwest Administrators, Inc. brings suit to recover trust fund contributions, liquidated damages, interest, attorney fees, and court costs from Defendant Allied Protection Services, Inc., pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). (Dkt. No. 13 at 1.) Between July 16, 2016 and June 30, 2016, Defendant was bound by a collective bargaining agreement ("CBA") with Local 986 of the International Brotherhood of Teamsters, which required Defendant to pay monthly contributions to the Western Conference of Teamsters Pension Trust Fund ("Trust") for eligible employees. (Dkt.

1 No. 13 at 2–3.) Defendant also signed an Agreement and Declaration of Trust ("Trust
2 Agreement") containing terms as to damages owed as a result of any delinquent contributions, as
3 well as attorney fees and costs. (Dkt. No. 14 at 4.)

4 Plaintiff alleges that a January 2017 audit revealed that Defendant failed to report and pay
5 into the Trust Fund for all eligible employee compensable hours. (*Id*. at 7.) After reviewing its
6 findings with Defendant and making revisions based on Defendant's objections, Plaintiff
7 determined Defendant owed $32,325.25 in delinquent contributions, plus liquidated damages,
8 interest, attorney fees, and costs, as provided for in the Trust Agreement. (*Id*. at 8.) Plaintiff filed
9 suit to recover these payments on August 2, 2017. (*Id*.) Defendant made one payment in the
10 amount of $11,037.38 on November 16, 2017 and sent a second check for the same amount on
11 December 18, 2017, which was returned due to insufficient funds. (*Id*.) Plaintiff seeks summary
12 judgment on its claim to recover delinquent contributions and other monies owed pursuant to the
13 Trust Agreement. Defendant did not respond to or oppose the motion.

**II.     DISCUSSION**

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for partial summary judgment is properly made and supported, the opposing party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

ERISA obligates participating employers to make contributions to a multi-employer trust fund in accordance with the contract and trust agreement. *See* ERISA Section 515, 29 U.S.C. § 1145. ERISA also provides specific mandatory remedies for delinquent contributions, including liquidated damages, interest, attorney fees, and costs. *See* 29 U.S.C. § 1132(g)(2). As noted, Defendant also signed a Trust Agreement containing terms as to damages owed as a result

of delinquent contributions. (*See* Dkt. No. 14 at 4.)

Using its revised audit, Plaintiff calculates total contributions owed in the amount of $21,287.87. (Dkt. No. 13 at 13.) Plaintiff further calculates that Defendant is obligated to pay $6,465.05 in liquidated damages, $500 in costs, and $3,133.63 in interest (through February 19, 2018), and attorney fees (to be calculated). (Dkt. Nos. 13 at 13; 14-3 at 46–47.) After the revised audit, Defendant began making payments on the amount owed, which the Court views as an admission that the agreement is valid and the amounts claimed are owed. (*See* Dkt. No.13 at 8.)

Plaintiff supports its motion for summary judgment with its revised audit findings and the CBA. (Dkt. Nos. 14-2 at 4–24, 14-3 at 2–47.) Defendant does not contest its obligations under the CBA or Plaintiff's revised audit, or otherwise raise a genuine issue for trial. Upon examining the evidence presented, the Court finds no issues of fact regarding either the enforceability of the collective bargaining and trust agreement at issue or Plaintiff's entitlement to the total amount of delinquent contributions, liquidated damages, interest, attorney fees, and costs sought. Accordingly, the Court finds summary judgment appropriate.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. No. 13) is GRANTED. Plaintiff is awarded a total of $21,287.87 in delinquent contributions for July 16, 2014 through June 30, 2016. Plaintiff is also entitled to liquidated damages, interest, attorney fees, and costs, as outlined above. However, because Plaintiff calculated interest as of February 19, 2018 and has not calculated attorney fees, a revised accounting is in order. Accordingly, Plaintiff shall submit such information within **ten (10) days** of the date of this order.

DATED this 27th day of April 2018.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE